POLEN, Judge.
This case involves the curator for the estate of Fries bringing suit to marshal the assets of the deceased on grounds of undue *406 influence, fraudulent inducement and breach of contract. The jury returned a verdict finding undue influence and breach of contract but failed to find fraudulent inducement. Based on its finding of inconsistency in the verdict, the trial court sua sponte ordered a new trial on both liability and damages. We reverse.
Beginning in the early 1970’s and continuing until her death in 1987, appellees Van Dorns developed a relationship with Fries. In 1982, Fries, who was in poor health and eighty-six years old, signed a deed conveying her interest in her oceanfront homestead to Van Dorns. A letter written by Fries’ attorney to Van Dorns, that allegedly accompanied the deed, stated the deed was given with the clear understanding that the Van Dorns would take care of Mrs. Fries. The Van Dorns accepted the deed and subsequently sold the property for $435,000. By this time, Fries had been placed in the nursing home where she would remain until her death. In 1987, Fries was adjudicated mentally incompetent. At trial, testimony and medical records were introduced alleging Fries’ mental capacity had been diminishing for some time prior to the date of the conveyance of the deed. After being charged, the jury sent a note to the judge requesting a copy of the jury instructions and asking “[m]ay we award any amount?” The jury returned a verdict awarding damages of $108,750 on each count for breach of contract and undue influence, but failed to find fraudulent inducement. The trial court, finding inconsistency in the verdict, sua sponte ordered a new trial. We disagree.
All three charges related to the fact that Fries’ condition led her to be unduly influenced into believing that the Van Dorns would take care of her in exchange for the deed to her oceanfront property. Although undue influence and fraudulent inducement are both species of fraud, the terms are not interchangeable. Undue influence can exist even if all facts surrounding a transaction have been truthfully represented. See generally In re Guardianship of Rekasis, 545 So.2d 471 (Fla. 2d DCA 1989). As presented to the jury, they needed to find that Van Dorns never intended to carry out their promise to care for Fries in order to support fraudulent inducement. No such finding was necessary to support undue influence. Although the jury instructions might have been somewhat involved, no objections were raised and the jury seems to have adequately responded to the instructions and determined the liability issue. The intent of the jury was clear; no motion or objection to the verdict was made by either side except for O’Hey’s motions regarding the damages award. While the ordering of a new trial is a discretionary call, the trial court erred in ordering a new trial as to liability.
Because we find error in ordering a new trial as to liability, and the only damage amount in controversy was the $435,-000 proceeds Van Dorns received from the sale of the subject property, we also find the trial court erred in failing to grant a directed verdict on the matter. When the true intent of the jury is expressed and a definite sum can be fixed, judgment of such should be entered for that amount. Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla.1971).
REVERSED AND REMANDED for proceedings consistent with this opinion.
GUNTHER and GARRETT, JJ., concur.